RE: OPEN RECORDS ACT
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR RECENT LETTER ASKING FOR AN OFFICIAL OPINION REGARDING THE COMMISSION'S ABILITY TO DELETE CERTAIN INFORMATION FROM DOCUMENTS IN ITS HANDS REQUESTED BY THIRD PERSONS. THE SPECIFIC SITUATION MENTIONED IN YOUR LETTER INVOLVES DELETING PATIENT NAMES FROM COMMISSION DOCUMENTS, OUT OF CONCERN FOR THE CONFIDENTIALITY RIGHTS OF PATIENTS WHOSE NAMES ARE MENTIONED IN THOSE DOCUMENTS.
ANY RESPONSE TO YOUR QUESTION INHERENTLY INVOLVES A DISCUSSION OF THE OPEN RECORDS ACT, ITSELF, ANY APPLICABLE SPECIFIC STATUTES GOVERNING PATIENT INFORMATION, AND THE OKLAHOMA SUPREME COURT DECISION RENDERED IN TULSA TRIBUNE COMPANY V. OKLAHOMA HORSE RACING COMMISSION, 735 P.2D 848 (OKLA. 1986), THE LEADING (AND ONLY) PUBLISHED APPELLATE DECISION CONSTRUING THE ACT'S PRIVACY REQUIREMENTS. ANY SUCH DETERMINATION ALSO INHERENTLY INVOLVES A CERTAIN DEGREE OF FACTUAL RESOLUTION AS TO THE CASE IN CONTROVERSY, AS WELL.
ACCORDINGLY, THE ATTORNEY GENERAL HAS AUTHORIZED ME TO RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMAL, NONBINDING PERSONAL LETTER, IN HOPES THAT THE INFORMATION PROVIDED WILL ASSIST YOU IN RESOLVING YOUR QUANDARY, BUT ALSO RECOGNIZING THAT WE CANNOT TOTALLY RESOLVE SAME IN THIS LETTER.
SECTION 51 O.S. 24A.2 OF THE ACT (51 O.S. 24A.2 (1987)) ESTABLISHES A BASIC TENET THAT "IT IS THE PUBLIC POLICY OF THE STATE OF OKLAHOMA THAT THE PEOPLE ARE VESTED WITH THE INHERENT RIGHT TO KNOW AND BE FULLY INFORMED ABOUT THEIR GOVERNMENT." THIS PROVISION THEN GOES ON TO NOTE THAT IT IS THE PURPOSE OF THE OPEN RECORDS ACT TO ENSURE AND FACILITATE THE PUBLIC'S RIGHT OF ACCESS TO PUBLIC RECORDS SO THEY MAY BE INFORMED OF GOVERNMENTAL AFFAIRS. SECTION 51 O.S. 24A.5 FURTHER PROVIDES THAT "ALL RECORDS OF PUBLIC BODIES AND PUBLIC OFFICIALS SHALL BE OPEN TO ANY PERSON FOR INSPECTION, COPYING, AND/OR MECHANICAL REPRODUCTION DURING REGULAR BUSINESS HOURS," WITH ONLY THE SPECIFIC EXCEPTIONS TO THIS GENERAL RULE PROVIDED FOR BY APPLICABLE LAW BEING EXEMPTED FROM THE REQUIREMENT OF PUBLIC ACCESS.
THE ACT ALSO STATES, IN LINE WITH ITS GENERAL PHILOSOPHICAL APPROACH, THAT IF ANY GIVEN DOCUMENT CAN BE PARTIALLY RELEASED TO THE PUBLIC, WITH ONLY PORTIONS OF IT DELETED FROM PUBLIC SCRUTINY TO PROTECT REQUIRED CONFIDENTIALITY CONCERNS, THAT AN AGENCY SHOULD UTILIZE THIS PROCEDURE, RATHER THAN TO REFUSE ACCESS TO THE ENTIRE DOCUMENT. SECTION 51 O.S. 24A.5(2) STATES, IN THIS REGARD, IN PERTINENT PART:
 "2. ANY REASONABLY SEGREGABLE PORTION OF A RECORD CONTAINING EXEMPT MATERIAL SHALL BE PROVIDED AFTER DELETION OF THE EXEMPT PORTIONS. . . ."
IN SHORT, THE ACT NOT ONLY CONTEMPLATES THAT PUBLIC AGENCIES SUBJECT TO ITS TERMS MAY DELETE CONFIDENTIAL INFORMATION FROM PUBLIC DOCUMENTS AS A PREDICATE TO THEIR RELEASE, IT REQUIRES SUCH STEPS TO BE TAKEN.
THIS RATIONALE WAS STRONGLY BOLSTERED BY THE OKLAHOMA SUPREME COURT IN TULSA TRIBUNE. IN THAT CASE, THE COURT FACED ISSUES STEMMING FROM THE DESIRED CONFIDENTIALITY OF CERTAIN COMMERCIAL INFORMATION TRANSMITTED BY A PROSPECTIVE RACETRACK LICENSEE TO THE STATE, WHERE THE CONFIDENTIALITY OF SUCH INFORMATION WAS NOT EXPRESSLY PROVIDED FOR BY THE ACT, ITSELF. ID., AT 553. IN RULING THAT THERE ARE CERTAIN PRIVACY INTERESTS THAT MAY BE PROTECTED BY LAW, EVEN IF NOT SPECIFICALLY SET FORTH IN THE STATUTES OF THE STATE, THE COURT NOTED:
 "BY REFERENCE TO THE OTHER PROVISIONS OF THE OPEN RECORDS ACT DEALING WITH SPECIFIC EXEMPTIONS IT IS CLEAR THAT THE LEGISLATURE HAS INTENDED TO PROVIDE EXEMPTIONS WHERE THE RELEASE OF INFORMATION POSSESSED BY A PUBLIC BODY MAY BE DAMAGING TO AN INDIVIDUAL . . . SUCH A BALANCE IS CLEARLY NECESSARY TO PROTECT THE RIGHTS OF BOTH THOSE FURNISHING INFORMATION AND THOSE SEEKING ITS DISCLOSURE . . .
 IN ORDER THAT AN INDIVIDUAL WHOSE INTERESTS ARE AFFECTED BY A REQUEST FOR DISCLOSURE UNDER THE OPEN RECORDS ACT MIGHT EFFECTIVELY ACT TO PROTECT THOSE INTERESTS IT IS NECESSARY THAT SUCH INDIVIDUAL HAVE NOTICE OF THE REQUEST . . . IT WOULD APPEAR APPROPRIATE THAT SUCH NOTICE BE GIVEN IN WRITING . . . (AND) SHOULD INFORM THE INDIVIDUAL OF AN OPPORTUNITY TO PRESENT WRITTEN OBJECTION TO RELEASE OF THE INFORMATION THE INDIVIDUAL MUST SUBSEQUENTLY ALSO BE GIVEN NOTICE OF THE DETERMINATION MADE BY THE PUBLIC BODY REGARDING THE INFORMATION REQUEST . . ."
IN RULING ON A REQUEST FOR DISCLOSURE THE PUBLIC BODY . . . MUST CONSIDER THAT, PURSUANT TO THE INTENT OF THE OPEN RECORDS ACT, DISCLOSURE OF INFORMATION IS TO BE FAVORED OVER A FINDING OF EXEMPTION.
ID., AT PP. 553-555.
IN ESSENCE, THE COURT HAS DECLARED THAT EVEN WHERE THE ACT OR OTHER STATE LAW DOES NOT FACIALLY PROVIDE FOR AN EXEMPTION, IF THE PERSONAL PRIVACY RIGHTS OF A PERSON WOULD BE AFFECTED BY PUBLIC DISCLOSURE OF REQUESTED INFORMATION, A PUBLIC BODY MUST TAKE IT UPON ITSELF TO BALANCE THE COMPETING INTERESTS AND DETERMINE IF RELEASE OF THE INFORMATION IS REQUIRED. WHERE PARTIAL COMPLIANCE WITH AN INFORMATION REQUEST IS POSSIBLE, SUCH AN APPROACH SHOULD BE TAKEN.
51 O.S. 24A.5(1) NOTES THAT THE ACT DOES NOT APPLY TO ANY INFORMATION REQUIRED BY LAW TO BE KEPT CONFIDENTIAL, INCLUDING RECORDS PROTECTED BY A STATE EVIDENTIARY PRIVILEGE. EXTENSIVE PATIENT-PHYSICIAN PRIVILEGES ARE SET FORTH IN 12 O.S. 2503 (1981), ALL OF WHICH COULD POTENTIALLY IMPACT UPON YOUR QUESTION.
I CANNOT SAY, AS A MATTER OF PURE LAW, WITHOUT ANY RELATED INFORMATION BEING AVAILABLE TO ME FROM SOME GIVEN FACTUAL SITUATION, THAT THE RELEASE OF A PATIENT'S NAME IN ANY GIVEN CASE WOULD BE TANTAMOUNT TO A BREACH OF A PRIVILEGED COMMUNICATION. HOWEVER, A COMMUNICATION IS CLEARLY DEEMED PRIVILEGED IF NOT INTENDED TO BE DISCLOSED TO THIRD PERSONS, EXCEPT PERSONS NECESSARY TO FURTHER THE INTEREST OF THE PATIENT AS SET FORTH IN SECTION 2503. IN MANY INSTANCES, I FEEL THAT THE COMMISSION WOULD FIND THAT INDIVIDUAL PATIENTS DID NOT TRULY INTEND THEIR RECEIPT OF MEDICAL TREATMENT TO BE FREELY TRANSMITTED TO ANY THIRD PARTY REQUESTING INFORMATION ALSO INCIDENTALLY CONTAINING PATIENT NAMES. SIMILAR, EVEN MORE SPECIFIC PROVISIONS REGARDING CONFIDENTIALITY OF PATIENT NAMES ARE ALSO CONTAINED IN 63 O.S. 1918(B) (1987).
ACCORDINGLY, IT IS MY LEGAL OPINION THAT THE COMMISSION MAY, IN APPROPRIATE CIRCUMSTANCES, DELETE CONFIDENTIAL INFORMATION FROM ITS DOCUMENTS THAT ARE OTHERWISE ACCESSIBLE BY THE PUBLIC. INDEED, IF SUCH A PARTIAL DELETION IS POSSIBLE, THE COMMISSION IS COMPELLED TO DO SO, RATHER THAN TO MERELY DEEM THE ENTIRE DOCUMENT CLOSED TO NORMAL PUBLIC VIEW. UNDER THE TULSA TRIBUNE RATIONALE, IT IS NOT AT ALL UNLIKELY THAT A COURT MIGHT FIND THAT THE PERSONAL PRIVACY INTERESTS OF THE PERSONS WHOSE NAMES APPEAR ON THE DOCUMENTS IN QUESTION DICTATE, AT THE VERY LEAST, THAT THE COMMISSION FIRST NOTIFY THEM OF THE POTENTIAL DISCLOSURE AND OFFER THEM THE OPPORTUNITY TO OBJECT TO SUCH DISCLOSURE. HOWEVER, ALSO UNDER THE TULSA TRIBUNE RATIONALE, SUCH MATTERS MUST BE ULTIMATELY REVIEWED BY THE COMMISSION, ITSELF, ON THE MERITS OF EACH REQUEST.
IF YOU HAVE ANY QUESTIONS ABOUT THIS LETTER OR THE REASONS BEHIND THE DETERMINATION NOT TO ISSUE A FORMAL OPINION, PLEASE FEEL FREE TO CALL ME AT YOUR CONVENIENCE.
(MICHAEL SCOTT FERN)